Gregory Todd ERKINS; et al.,
Plaintiffs—Appellants,

v.

Alfred J. BIANCO, as Plan Administrator to the Estate of Gaston & Snow est Gaston & Snow; et al., Defendants—Appellees.

Nos. 03–35129, 03–35568.
D.C. No. CV–02–00374–BLW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided March 5, 2004.

John F. Magnuson, Coeur d'Alene, ID, for Plaintiffs–Appellants.

Edwin A. McCabe, Joseph H. Reinhardt, Douglas M. Marrano, The McCabe Group, Boston, MA, J. Walter Sinclair, Curtis D. McKenzie, Stoel Rives, LLP, Boise, ID, for Defendants–Appellees.

Before WARDLAW, GOULD, and PAEZ, Circuit Judges.

MEMORANDUM*

Gregory Todd Erkins and nine co-Plaintiffs ("the Erkins Appellants") appeal the district court's dismissal of their claims. The Erkins Appellants allege that Alfred Bianco, et al. ("Bianco") engaged in, *inter alia,* conversion and abuse of process by seizing and selling certain artwork to which the Erkins Appellants claim ownership.

In applying the doctrine of collateral estoppel to dismiss the Erkins Appellants' lawsuit, the district court determined that the Erkins Appellants were barred from pursuing their claims as a result of the district court's prior decision in a related case, *Bianco, et al. v. Erkins, et al.,* D. Idaho Case No. 00–5065. This prior decision held: (1) that the artwork had been seized in accordance with applicable Idaho statutes; (2) that no valid claim of exemption was made within the time frame allowed; (3) that the Erkins Appellants' failure to make a written claim of exemption (as required by Idaho statutes) precluded them from asserting an ownership interest in the artwork; and (4) that Bianco could lawfully execute upon the artwork. However, in our memorandum disposition resolving appeals relating to that case,[1] we determined that the Erkins Appellants' claims were moot, vacated the judgment of the district court, and remanded the case to the district court with instructions that the case be dismissed.

Because we vacated the judgment that was the basis for the district court's application of collateral estoppel in this case, it is appropriate for the district court to reassess its judgment in light of our decision. Accordingly, we now vacate the judgment of the district court in this case, and we remand with instructions that the district court reassess the motion filed before it pursuant to Rule 12(b)(6), given the current status of the proceedings. The district court may establish such procedures as it deems desirable to permit the parties an opportunity to be heard on any

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The memorandum disposition related to our decision on the appeals from the final judgment in D. Idaho Case No. 00–5065, our Case Nos. 02–35219 and 02–35261.

relevant issue in light of our disposition of the appeal in D. Idaho Case No. 00–5065.

**VACATED AND REMANDED.**